UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Coressell Antiwan Smoot, #263901 ) | | C/A No.: 9:13-cv-00214-GRA |
| ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | | **ORDER** |
| ) | | |
| Michael McCall, Warden, ) | | |
| ) | | |
| Respondent. ) | | |
| _____ ) | | |

This matter comes before this Court for a review of United States Magistrate Judge Bristow Marchant's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(A)–(B) and Local Rule 73.02(B)(2)(c)&(e) DSC, and filed on September 9, 2013. Petitioner Coressell Antiwan Smoot ("Petitioner"), an inmate in state custody at the Lee Correctional Institution proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 28 U.S.C. § 2254 on January 18, 2013.[1] ECF No. 1. Respondent filed a Return and Memorandum, ECF No. 14, and a Motion for Summary Judgment, ECF No. 15, on April 17, 2013. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1979), on April 18, 2013, the magistrate advised Petitioner of the summary dismissal procedure and the possible consequences if he failed to respond adequately. ECF No. 16. Petitioner filed a response in opposition on July 8, 2013. ECF No. 25.

Under established procedure in this judicial district, Magistrate Judge Marchant made a careful review of the *pro se* petition and now recommends granting Summary Judgment for Respondent and dismissing Petitioner's § 2254 Petition. ECF No. 30 at

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 270–76 (1988).

27. For the reasons discussed herein, this Court adopts the Magistrate Judge's Report and Recommendation in its entirety.

Petitioner filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, this statute requires a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this

Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).  In the instant case, Petitioner timely filed objections to the Report and Recommendation on October 16, 2013.  ECF No. 38.

Upon review, this Court finds that Petitioner's objections are non-specific and repetitive since they merely restate word for word the Report and Recommendation or rehash arguments previously made to the Magistrate Judge.  As stated above, conclusory and general objections without reasons are not valid objections.  *See Orpiano*, 687 F.2d at 47.   Additionally, the Magistrate Judge's Report and Recommendation fully addresses and disposes of the argument that Petitioner's

claim of ineffective assistance of PCR counsel creates "cause" for a procedural default. Therefore, Petitioner's objections are without merit.

After a thorough review of the record, the Magistrate Judge's Report and Recommendation, and the record in this case, this Court finds that the Magistrate Judge applied sound legal principles to the facts of this case. Therefore, this Court adopts the Report and Recommendation in its entirety.

**IT IS THEREFORE ORDERED** that Petitioner's Petition is DISMISSED, and Respondent's Motion for Summary Judgment is GRANTED. The Court declines to issue a certificate of appealability in this matter.[2]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

October 30, 2013
Anderson, South Carolina

---

[2] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a), declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").